### Levi W. Abshear v. James Monday.

**Damages from Vicious Horse.**

The owner of a vicious horse is required to so confine him as to prevent him from injuring the stock of others; but where the owner is not aware of the vicious habits of his horse he is only bound to use such means as an ordinary prudent man would have used in order to have kept a horse of like temper within his own enclosure, in order to have prevented him from injuring the property of others.

#### APPEAL FROM ADAIR CIRCUIT COURT.

October 22, 1878.

Opinion by Judge Pryor:

In a case like this it is immaterial whether the appellant had a fence or not around his premises; it can afford no protection to the appellee.

The proof shows the character of the horse and his vicious habits, at least when outside of his own enclosure, and it was the duty of the appellee to have so confined the horse as would have prevented him from injuring the horses of his neighbors. He is not to be held, however, to the highest degree of diligence if not aware of the vicious habits of the animal. The law in such a case is, did the appellee use such means as an ordinary prudent man would have used in order to have kept a horse of like temper and condition within his own enclosure in order to have prevented him from injuring the property of others?

If it appears, however, that he was a dangerous horse, and that fact is known to the appellee, it was his duty to use extraordinary care in order to provide against his injuring the horses of his neighbors. These two propositions should have been submitted to the

jury. Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*T. C. Winfrey, Sallee & Sallee, for appellant.*

*Alexander, Baker & Reid, Hindman & Sampson, for appellee.*